# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6095 | **DATE** | 10/7/2011 |
| **CASE TITLE** | Moore vs. Deutsche Bank National Trust Co. | | |

**DOCKET ENTRY TEXT**

The Defendants' motion to dismiss [4] is granted. The Plaintiff's foreclosure appeal is barred by application of the *Rooker-Feldman* doctrine, and the Plaintiff fails to state any facts or law that form the basis of a federal claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

  The Plaintiff in this matter, Albert Jerome Moore, represents himself *pro se* and asks this court to reverse his eviction, which resulted from an *in rem* foreclosure action in the Circuit Court of Cook County. (Compl. ¶ 5). He notes that, prior to the foreclosure action, a Certificate of Reconveyance was issued to him regarding his property. (Compl. ¶ 1). The Defendants, including Bridget M. O'Neill, Deutsche Bank National Trust Co., and Judge Franklin Ulysses Valderrama, have filed a motion to dismiss. For the reasons stated below, this court grants the motion.

  In considering the Defendants' motion to dismiss, this court must generously construe the Plaintiff's *pro se* pleadings, which are not held to the same stringent standards expected of pleadings drafted by lawyers. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000). Nonetheless, the *pro se* litigant may plead himself out of court by alleging facts that defeat the claims presented in the complaint. *See Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006); *Lekas v. Briley*, 405 F.3d 602, 613-14 (7th Cir. 2005).

  Here, the Plaintiff has pleaded himself out of court by effectively acknowledging that his claim is barred by the *Rooker-Feldman* doctrine. As the *Rooker-Feldman* doctrine makes clear, a district court has "no authority to review final judgments of a state court in judicial proceedings." *D. C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The Plaintiff notes in his complaint that Judge Franklin Valderrama of the Circuit Court of Cook County—a state court judge—issued an *in rem* order in this matter on May 6, 2009. (Compl. ¶ 5). The Plaintiff cannot use this court as a forum to appeal the state court's foreclosure decision—he must exhaust the procedures of the Illinois courts, including the Illinois appellate courts, before appealing his case to the Supreme Court. *See Feldman*, 460 U.S. at 482 (suggesting that, in general, the only avenue to appeal to a federal court from a state court judgment is via the United States Supreme Court).

  Beyond this, moreover, the Defendants properly note that this complaint must be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. The Plaintiff's complaint does not raise any substantive facts or areas of federal

| STATEMENT |
|---|
| law that will support any plausible causes of action.<br>      This action must be dismissed for the reasons discussed above. |

|  | Courtroom Deputy | RJ/CAS |
|---|---|---|
|  |  |  |